OSTEEN VS STOVALL.

Opinion delivered October 19, 1904.

1. *Pleading—Demurrer—Delay in Ruling upon Same—Non-Prejudicial Error.*

> Error of the court in delaying his ruling upon a demurrer to one paragraph of plaintiff's complaint until during the trial cannot be complained of by the defendant when the evidence admitted prior to the ruling is confined to issues made by other paragraphs of the complaint.

2. *Unlawful Detainer—Damages Recoverable—Instructions.*

> Under Sec. 3362 Mansf. Dig. (2296, Ind. Ter. Stat.) where the defendant in an unlawful detainer proceeding, gives bond and retains possession, the plaintiff may introduce evidence showing the damage he may have sustained by being kept out of possession and the jury shall assess this damage An instruction that the measure of damage will be the rental value of the land and such other damages as they believe the plaintiff sustained, is within the terms of the statute.

GILL, J. Dissenting.

Appeal from the United States Court for the Western District.

CHAS. W. RAYMOND, Judge.

Action by K. T. Stovall against S. H. Osteen. Judgment for plaintiff. Defendant appeals. Affirmed.

This was an action of forcible entry and detainer brought by appellee (plaintiff below) against appellant (defendant below)

for the possession of a certain tract of land described in the complaint. Complaint was filed on the 9th day of May, 1902, bond was executed by plaintiff, and a writ of possession was issued and served on the defendant on the 26th day of May, and on the 30th day of May defendant gave bond and retained possession. On November 30, 1902, defendant filed answer to the original complaint, and admits that he is in possession of the lands described but denies that he is holding same willfully and with force, or unlawfully, against plaintiff, and alleges that on or about the 27th day of July, 1901, plaintiff rented the lands and premises described in plaintiff's complaint to this defendant for the year 1902, and that defendant was to pay plaintiff, as rent for said premises, one-third of the corn and one-third of the wheat and one-third of the oats and one-fourth of the cotton, and, at the time said contract was made, this plaintiff requested and required that defendant sow a considerable crop of wheat, and that defendant, in pursuance of said contract, did sow during the months of September and October, 1901, about 30 acres of land in wheat, and that he has during this year cultivated said land according to the contract entered into between him and the plaintiff, and that he is now, and has at all times been, ready and willing to pay plaintiff his rent as the crops were gathered, and has at divers times tendered plaintiff his rents as the crops were being gathered and disposed of. On December 19, 1902, plaintiff filed his amended complaint, and alleged that on January 1, 1902, defendant, having been theretofore plaintiff's tenant in possession of said lands, did then and there, unlawfully, willfully, and with force, hold over, and still holds over and detains unlawfully and with force, said lands, "and that defendant refused, and still refuses, after lawful and proper demands made upon him by the plaintiff, to quit and surrender up possession of said premises to plaintiff, to plaintiff's damage. Third. That during the said year 1902 defendant took from said premises and property, and appropriated to his own use and benefit, the use of

160 acres of land in cultivation and the crops thereupon grown, of the reasonable value of $800; 40 acres of land in meadow, of the reasonable value of $160, and damage to same by defendant's pasturing meadow, in the sum of $90; 25 acres of land in pasture, of the reasonable value of $50; 20 acres of land in orchard, of the reasonable value of $100; 100 bushels of pecans, of the reasonable value of $250; aggregating and amounting to the sum of $1,360." Wherefore plaintiff prays judgment for possession and for damages. On December 25, 1902, defendant filed motion to strike amended complaint from the files, which motion on same day was denied, and on same day defendant filed demurrer to the third paragraph of amended complaint, which was sustained, and plaintiff allowed to amend his complaint, and on same day plaintiff filed amendment to amended complaint; and on same day the cause was tried before a jury, and on December 26, 1902, the jury returned the following verdict: "We, the jury, find the issues for the plaintiff—that he is entitled to the possession of the premises in controversy—and assess his damages at the sum of six hundred dollars." On December 27, 1902, defendant filed his motion for new trial. On December 31, 1902, the court overruled the motion for new trial, and entered judgment on the verdict as follows: "It is therefore ordered and adjudged that plaintiff, K. T. Stovall, do have and recover of and from defendant, S. H. Osteen, and sureties, Wat Mayes, S. H. Mayes, J. C. Hogan, the said sum of six hundred dollars, with interest thereon from this date at the rate of 6 per cent. per annum, and all costs in this behalf laid out and expended, for which execution may issue. It is further ordered and adjudged by the court that the property and premises in controversy described as follows, to wit, southwest quarter of the southeast quarter, southeast quarter of the southwest quarter, of section 21, and northeast quarter and the east half of the northwest quarter of section 28, all in township 20 north, range 19 east Indian meridian, situated about four miles east of Chouteau, in the Cherokee Nation, Indian

Territory, and all improvements thereon situated, and the same is hereby restored to plaintiff. And this clerk of this court is hereby ordered to issue a writ of restitution to carry this judgment into execution." Defendant excepted and prayed an appeal to this court.

*Maxey & Hunt* (Lovick P. Miles, of counsel), for appellant.

*Blair & Thigpen,* for appellee.

TOWNSEND, J. Appellant makes the following assignment of errors:

"(1) The court erred in not sustaining defendant's demurrer to the third paragraph of plaintiff's amended complaint.

"(2) The court erred in its ruling and remarks in passing on defendant's objection to testimony on the question of damages, and in holding that plaintiff could recover damages in addition to the reasonable rental value of the premises.

"(3) The court erred in not confining plaintiff's testimony as to damages to the reasonable rental value of the premises.

"(4) The court erred in that part of its charge to the jury which is in words and figures as follows, to wit: 'Now, this suit is not a suit brought for the purpose of collecting rent. It is a suit brought for the recovery of the possession of the premises. But if you find that the premises have been wrongfully held by the defendant, you can give damages. This is not primarily a suit for the collection of rent. It is a suit for the possession of the premises. You are further instructed that, if you find for the plaintiff, the measure of damages will be the fair rental value of the premises from the time that the defendant unlawfully with-

held the possession of the premises, and such other damages as you may believe from the evidence the plaintiff sustained by reason of being kept out of possession of the premises. This, however, does not mean that he could recover damages in this lawsuit for any property which might have been destroyed, such as trees cut, fences torn down, wire removed, buildings destroyed. That would not be recoverable in this kind of a lawsuit.' Which was excepted to at the time.

"(5)    The court erred in overruling defendant's motion for a new trial, which was excepted to at the time.

"(6)    The court erred in entering judgment on the verdict of the jury."

Appellant contends that the court should have sustained the demurrer to the third paragraph of plaintiff's amended complaint, but concedes that "the court did, in effect, sustain the demurrer in the course of the trial.    *    *    *"    It is objected by counsel for appellee that appellant failed to call the attention of the court at the proper time to its failure to pass upon the demurrer. During the trial of the case, as conceded by appellant, the demurrer to the third paragraph of the amended complaint was passed upon, the demurrer sustained, and leave was granted appellee to amend his complaint. The complaint was amended by adding the words, "and damages to same by defendant's pasturing meadow in the sum of $90." This was demurred to but it was then agreed by appellant that the demurrer be sustained thereto, which was accordingly done. But appellant says, "Its failure to do so in the first instance enabled the plaintiff to get before the jury a lot of incompetent testimony to the prejudice of the defendant." It may be said, however, that, the court having passed upon the demurrer during the trial, the effect upon the evidence introduced thereafter would be the same as if

the demurrer had been passed upon when filed, before trial, while, as to the evidence introduced prior to the ruling upon the demurrer, a careful reading shows that that was confined by the court to the question of the rental value of the premises in controversy. This was clearly not error to be complained of by appellant.

The remarks of the court complained of in appellant's second assignment of error, upon the question of damages, are as follows: "I think that is proper. Is it possible, if I own a farm, and rent it to a man, and demand possession of it, and I rented it to him last year for $100, and he says, 'No, I am going to stay,' that he can say that my measure of damages is the rent we fixed the year before? If the man holds over and says, 'I am going to keep that farm, whether you want it or not,' the measure of damages may be something more than the rent agreed upon and fixed the year before. Mr. Maxey: Not under this law. The Court: It will be today. Mr. Maxey: We except to the remarks of the court. The Court: But it is not the whole crop, as Mr. Blair contends, by any means. Nor do I think it is the rental value as agreed upon the previous year." And the charge complained of in appellant's fourth assignment of error is as follows: "Now, this suit is not a suit brought for the purpose of collecting rent. It is a suit brought for the recovery of the possession of the premises; but, if you find that the premises have been wrongfully held by the defendant, you can give damages. This is not primarily a suit for the collection of rent. It is a suit for the possession of the premises. You are further instructed that, if you find for the plaintiff, the measure of damages will be the fair rental value of the premises from the time that the defendant unlawfully withheld the possession of the premises, and such other damages as you may believe from the evidence the plaintiff sustained by reason of being kept out of possession of the premises. This, however, does not mean that he could

recover damages in this lawsuit for any property which might have been destroyed, such as trees cut, fences torn down, wire removed, buildings destroyed. That would not be recoverable in this kind of a lawsuit." Appellant contends the quoted remarks of the court were prejudicial to him, and, when taken in connection with the foregoing charge, that the jury would be led to believe that they could find other damages than the reasonable rental value. What damages can be recovered? Section 3362, Mansf. Dig. (section 2296, Ind. Ter. St. 1899), provides as follows: "In all cases of forcible entry and detainer, and forcible and unlawful detainers, when the defendant gives bond to retain possession of the lands and premises mentioned in the writ and declaration in the cause as provided by law, it shall be lawful for the plaintiff to introduce before the jury trying the main issue in such action evidence showing the damage he may have sustained in being kept out of possession of said lands and premises, and the jury, if they find the issue for the plaintiff, shall at the same time assess what damages, if any, the plaintiff has sustained in being kept out of possession by the defendant, and the court shall render judgment restoring the property to the plaintiff, as now prescribed by law, and shall also render judgment against the defendant and his security in the bond for damages as found by the jury, as well as the cost of suit." This statute explicitly says it shall be lawful for "plaintiff to introduce * * * evidence showing the damage he may have sustained in being kept out of possession," etc., and the jury are to assess such damages, etc. The court, in his charge, said to the jury: "You are further instructed that, if you find for the plaintiff, the measure of damages will be the fair rental value of the premises from the time that the defendant unlawfully withheld the possession of the premises, and such other damages as you may believe from the evidence the plaintiff sustained by reason of being kept out of possession of the premises"—thus telling the jury that they could, in arriving at the damages the appellee

had sustained, consider the fair rental value of the premises, and such other damages as he sustained while being unlawfully kept out of possession of same. This instruction is clearly within the terms of the statute. In Case vs Hall, 2 Ind. Ter. 12, (46 S. W. 181), in discussing a part of an instruction complained of, the court said: "The third part of said instruction complained of is as follows, to wit: 'The measure of damages is the rental value of the premises, but if you further believe from the evidence that said land is mainly or only suitable for the raising of wheat, and the unlawful detention of it has prevented the plaintiff from putting in a wheat crop, and thereby impaired its rental value for the present year, you may take that into consideration in assessing the damages for withholding said premises up to the present time.' The case was tried March 17, 1897, and the evidence showed that wheat had to be sown in the fall of the year, but, by reason of the failure of the defendant to sow wheat in the fall of 1896, the only crop that could be gathered for 1897 was a crop of weeds; and the jury very properly, in finding as they did for the plaintiff, fixed the damage at $300, the annual rental being $200 under the terms of the rental contract. The instruction and verdict are fully authorized by section 3362 of Mansfield's Digest (section 2296, Ind. Ter. St. 1899)." The court further told the jury that the instruction did not mean that appellee could recover damages for property destroyed, trees cut, fences torn down, wire removed, and buildings destroyed, but appellant complains because the court did not say what damages in addition to rents appellee could recover. The court evidently left that question to be settled by the jury from the evidence in the case. This disposes of the second, third, and fourth assignments.

Appellant's fifth assignment of error is that "the court erred in overruling defendant's motion for a new trial"; the reason given being that the damages found by the jury were

excessive, and included damages other than the rental value of the premises. Under the rule as laid down above, and under the charge of the court, the jury were justified in finding damages other than the rental value of the premises.

The testimony upon the question of damages was conflicting, but that was exclusively for the jury, and, as long as there was evidence to sustain the verdict, this court is not authorized to disturb the same. Therefore the judgment of the court below is affirmed.

CLAYTON, J., concurs.

GILL, J. (dissenting). This was an action of unlawful detainer, brought under section 3351 of Mansfield's Digest (section 2285, Ind. Ter. St. 1899), bond executed by plaintiff, and a writ of possession issued and served on defendant, who gave bond and retained possession. Upon trial of the case, the court gave the following instructions under exceptions of defendant (appellant here): "Now, this suit is not a suit brought for the purpose of collecting rent. It is a suit brought for the recovery of the possession of the premises; but, if you find that the premises have been wrongfully held by the defendant, you can give damages. This is not primarily a suit for the collection of rent. It is a suit for the possession of the premises. You are further instructed that, if you find for the plaintiff, the measure of damages will be the fair rental value of the premises from the time that the defendant unlawfully withheld the possession of the premises, and such other damages as you may believe from the evidence the plaintiff sustained by reason of being kept out of possession of the premises. This, however, does not mean that he could recover damages in this lawsuit for any property which might have been destroyed, such as trees cut, fences torn down, wire removed, buildings destroyed. That would not be re-

coverable in this kind of lawsuit." The opinion of the court holds that this instruction comes within the provisions of Mansf. Dig. § 3362 (Ind. Ter. St. 1899, § 2296), as to the measure of damages. I do not think so. "Section 3362, .M. D.: In all cases of * * * unlawful detainer when the defendant gives bond to retain possession * * * it shall be lawful for the plaintiff to introduce before the jury trying the main issue in the action, evidence showing the damage he may have sustained in being kept out of possession of said lands and premises." This is the only damage which may be recovered—the damage which plaintiff suffered in being kept out of possession. Yet the court, in its instruction, tells the jury that "the measure of damage will be the fair rental value of the premises, and such other damages as you may believe from the evidence plaintiff sustained by reason of being kept out of the premises." Here the jury are given two elements of damage —the first, the fair rental value; the second, the damage in withholding—while the statute permits but the last. As a matter of fact, the rental value of the premises for the time withheld is only the measure of the damage, but the error of the court, as I see it, was combining the damage allowed by the statute with the rental value of the premises. In other words, the court tells the jury, in its instruction, that they are not to measure the damages for withholding the possession as the fair rental value of the premises, but may consider the fair rental value of the premises, and, in addition thereto, the damages for withholding the premises. Such is not the law. The only damage to be recovered under the statute is the damage plaintiff may have sustained in being kept out of possession of the lands and premises for the time he was kept out of the premises by reason of defendant having given the bond to retain them Plaintiff cannot recover rents in this action preceding the time of his giving bond to retain them, but may recover damages for withholding the premises under the bond, and the court fails to make the distinction. In my opinion, the court erred in giving

the instruction complained of, and I cannot subscribe to the foregoing opinion of the court.