ELLIS ET AL vs CROSS ET AL.

Opinion rendered October 27, 1905.  Rehearing denied November 24, 1906.

97 S. W. Rep. 1030.

1. *Trial—Assignment by Plaintiff Pending Suit—Right of Assingee on Bond of Defendant.*

The assignee of an interest in premises, which were the subject matter of an unlawful detainer suit, together with the damages that may be recovered therein, the assignor agreeing to prosecute the cause to final judgment in his own name may recover on the supersedeas bond of the tenant, the plaintiff having prevailed therein.

2. *Same—Assignment in Part.*

The right of the assignee of premises which are the subject matter of an unlawful detainer suit and damages for the unlawful detention to recover on the supersedeas bond is not affected by their assignment of their interest in the premises, but not of the rents and profits.

3. *Same—Rent As An Element of Damages.*

Under Mansf. Dig. Art. 3362 (Ind. Ter. St. 1899, Art. 2296) providing that, when defendant in an unlawful detainer suit gives a bond to retain possession of the premises in controversy, evidence may be introduced showing the damage plaintiff may have sustained in

being kept out of possession of said premises and if the plaintiff shall prevail the jury shall assess such damages; rent, as such, cannot be recovered in such an action but the reasonable rental value of the premises may be considered by the jury as one of the elements of damage.

4. *Same—Damages, When May be Recovered.*

Where the landlord in an unlawful detainer suit, seeks to recover the land but not the buildings thereon, his assignees cannot recover damages for the detention of the buildings in an action on the supersedeas bond.

5. *Same—Damages—What May be Recovered.*

In an action on a supersedeas bond, damages may be recovered for the fair rental value of the premises and the amount of the judgment superseded since the date of the judgment, costs and such other damages as may have resulted from being kept out of possession.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, December 17, 1904.

Action by Mrs. Ella Cross and others against J. P. Ellis and another. From a judgment in favor of plaintiffs, defendants appeal. Reversed and remanded.

This is a suit founded upon the following supersed as bond: "Know all men by these presents: That we, J. P. Ellis, as principal, and the Fidelity & Deposit Company of Maryland, as surety, are held and firmly bound unto Theo. Fitzpatrick, appellee, in the full and just sum of one thousand dollars ($1000.-00) to be paid to the said Theo. Fitzpatrick, his heirs, executors, administrators, or successors, to which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators, or successors in office jointly and severally by these presents. Sealed with our seals and dated this the 26th day of November

in the year of our Lord nineteen hundred and one.    Whereas, lately at the October term of the United States Court of Appeals for the Indian Territory, in a suit pending in said court between J. P. Ellis, appellant, and Theo. Fitzpatrick, appellee, judgment was rendered against said appellant in favor of said appellee, affirming the judgment of the United States Court for the Southern District in the Indian Territory in the sum of one hundred fifty dollars, and for possession of the lot in controversy therein, and the said appellant has obtained a writ of error to the United States Court of Appeals for the Indian Territory, to reverse said judgment in the aforesaid suit, and citation directed to the said Theo. Fitzpatrick, citing and admonishing him to be in the United States Circuit Court of Appeals for the Eighth Circuit at the City of St. Louis, Missouri, in sixty days from and after date of said citation.    Now, the condition of said above obligation is such that if the said J. P. Ellis shall prosecute said writ of error to effect and answer all damage and costs if he fail to make good his plea, then the above obligation is to be void, else to remain in full force and virtue."

The history of the case is as follows:   Theodore Fitzpatrick brought a suit against one J. P. Ellis in unlawful detainer to recover possession of a certain lot in the city of Chickasha on or about February 6, 1899.   On October 20, 1900, the cause was tried in the United States Court for the Southern District of Indian Territory, and judgment was rendered therein in favor of Fitzpatrick for possession of said lot, and for $150 damages; that said Ellis prosecuted an appeal from said judgment to the Court of Appeals for the Indian Territory, and in order to supersede and suspend said judgment, Ellis about October 29, 1900, executed and filed in said court and cause a supersedeas bond signed by himself and by defendant, Fidelity & Deposit Company of Maryland as surety.   Thereafter, on October 4, 1901, the Court of Appeals for Indian Territory

affirmed the judgment of the court below and about November 9, 1901, said Ellis appealed said case to the United States Circuit Court of Appeals for the Eighth Circuit and to supersede the judgment of the United States Court of Appeals for the Indian Territory executed the aforesaid supersedeas bond, and thereafter, in September, 1902, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of the United States Court of Appeals for the Indian Territory; that by reason of said supersedeas bond said Ellis and his assigns kept, and continued in, possession of the lot aforesaid until January 10, 1903.

The present action was instituted by J. E. Cross, and wife, Ella Cross, and R. M. Bourland about October 12, 1903, to recover judgment on the above bond against appellants. The complaint alleges in substance that pending the suit heretofore mentioned and, about April 8, 1899, Fitzpatrick joined by his wife, Maria Fitzpatrick, bargained, sold, and conveyed all of their interest in and to said lot to appellee, Mrs. Ella Cross, and, at the same time, transferred and assigned to her all the rents due on said place by said Ellis, or his assigns, or that might after accrue on the same, or that might be recovered in the suit then pending therefor, and agreed to prosecute said suit to a final determination in his own name for the use and benefit of said Mrs. Cross, and her assigns, and that, from that time, Fitzpatrick continued to prosecute said cause in his own name and for her benefit. That about September 18, 1900, said Mrs. Cross joined by her husband, appellee, J. E. Cross, bargained, sold, and conveyed an undivided one-half interest in and to said lot to appellee, R. M. Bourland, and at the same time transferred, assigned, and set over to said Bourland a one-half interest in and to all of the rents heretofore accruing on said lot and owing by said Ellis, or his assigns, and all damages that might be recovered by said Fitzpatrick in said suit. That

by reason of said supersedeas bonds, said Ellis and his assigns kept and continued in possession of the lot aforesaid until January 10, 1903, and enjoyed the use, rents, revenues, and benefits of said property under and by virtue of said bond from the date of said first judgment until January 10, 1903. That the reasonable rental value of said property during said time including the $150, for which said first-named judgment was rendered was and is the sum of $1,395.80.

That Fitzpatrick undertook to interplead in the case, but his interplea was stricken from the record; that the defendant appellant, Fidelity & Deposit Company of Maryland filed its separate answer, denying each and every allegation in the plaintiff's complaint, and further answered alleging that prior to the commencement of this action the plaintiffs herein had sold, transferred, and disposed of all their interests in and to the said lot to one E. B. Johnson and H. B. Johnson, and that, at the time of filing of this suit, neither of the plaintiffs or any of them possessed any interest in or to the lot, or in and to said bond, and further answered, that during all of the times mentioned in the plaintiff's complaint and in the answer the improvements upon the property in controversy in the original action were the property of said J. P. Ellis and his assigns, and that subsequent to the rendition of the first judgment, Ellis and his assigns have acquired the ownership of the lot, and that Fitzpatrick's right to the possession of said lot only existed from the date of the judgment of the United States Court for the Southern District of Indian Territory as stated in plaintiff's complaint, and terminated at the date when said Ellis and his, assigns were scheduled as owners of the improvements upon said lot; that said Ellis and his assigns tendered and made to the United States Indian Agent full payment of the purchase price of said lot as fixed and established by a townsite commission, and Ellis and his assigns thereby became entitled to a patent from

the Choctaw and Chickasaw Nations therefor, and ever since have been the real owners, and entitled to the possession of said lot. The defendant further alleges that the only damage which Fitzpatrick ever sustained by reason of being kept out of possession of said lot was the reasonable market value of the ground rental of said lot which amounted to $5 per month, computed for a period of about 20 months—amounting in the aggregate to the sum of $100 in addition to the amount of the judgment rendered against said Ellis amounting to $185, and that this damage accrued to Fitzpatrick and to him alone. Wherefore defendant prays judgment.

J. P. Ellis filed his separate amended answer to plaintiff's complaint, and, without waiving right to his demurrer filed in the cause, admits residence of parties as alleged, and denies each and every other allegation in the complaint, except as to the recovery of the judgments in the several courts and claims affirmatively, about as set forth in his codefendants' answer. The record shows that on November 6, 1903, the court overruled the demurrer of the defendant, appellant, Fidelity & Deposit Company, but fails to set forth the grounds of demurrer. The cause came regularly on for trial to a jury who found for the plaintiff, and assessed the damage at $866.96. Judgment was pronounced upon the verdict by the court. Motion for a new trial was filed and overruled by the court, and the case stands here upon appeal. The death of J. E. Cross, one of plaintiffs, appellees, was suggested by plaintiffs, and the suit was ordered dismissed as to him.

*F. H. Kellogg* and *F. E. Riddle*, for appellants.

*Barefoot & Carmichael, Potter, Bowman & Potter,* and *Beavers & McClure,* for appellees.

GILL, J. (after stating the facts). Appellants make the following assignments of error: First. The refusal of the trial court to sustain the motion filed by defendants at the close of the testimony for a peremptory instruction to find for the defendants, and in refusing to give such peremptory instruction. Under the evidence ought not the jury to have been instructed to return a verdict for appellants?

The evidence showed that pending suit in unlawful detainer by Fitzpatrick, appellee, Ella Cross acquired whatever interest in the premises Fitzpatrick had therein, which interest was the right, as Ellis' landlord, to recover the premises and damages for the unlawful detention thereof after the proper institution of suit. It is strenuously urged by appellant, that, under the Arkansas decisions, as assignee of a judgment cannot sue and recover judgment thereon in his own name. This may be true, but it is not the question here. The rule is well settled that where a landlord transfers his title to another, a tenant of the landlord becomes at once the tenant of the transferee, and, in this case, the transfer of title to Ella Cross made her the landlord of Ellis, and if part of the consideration for such sale was an agreement that Fitzpatrick was to continue to prosecute the action for recovery of the premises and damages, then pending in his own name for the benefit of Cross, and that Cross should be entitled to receive the fruits of such suit, then we must hold that such consideration was valid as between grantor and grantee; that it made no difference to either the tenant or his bondsmen where the fruits of such litigation should go. And, in like manner, we must hold that the transfer of an undivided half interest to Bourland from Cross made him in like manner thereafter landlord, and the fruits of any litigation then pending or the disposition of any rents then due or to become due on the premises to Cross, was matter of contract between grantor and grantee, in which neither the tenant nor bondsmen had any

interest whatever. But it is claimed by appellant, that after acquiring the interest of Fitzpatrick, and before institution of suit upon the bond, appellees sold away the premises, and they no longer have the right to sue for rents due or damages due thereon by way of rents or otherwise. Such contention is not good. While they sold the premises, the rents and profits issuing therefrom were not sold, and such sale cannot be held to deprive them of what is justly due them thereon at the time of sale. We are constrained to hold that the court committed no error in overruling appellant's motion to instruct a verdict for defendants and in refusing to so instruct.

We do not think there is any merit in the complaints of error assigned in specifications 2, 3, 4, 6, 11, 12 and 13.

The seventh specification of error is as follows: "The trial court erred in leaving it to the jury to find the rental value of the lot for the period prior to the rendition of the judgment on October 20, 1900, which judgment fixed the damages to the plaintiff, Fitzpatrick, for being kept out of possession prior to said period at one hundred and fifty dollars ($150.00)"

The eighth specification of error is as follows: "The trial court erred in giving to the jury the following instruction excepted to by defendants: You are instructed in this case, that the plaintiffs are entitled to recover of the defendants, rent from the 8th day of April, 1899, on said property at the rate of five dollars ($5.00) per month until the 20th day of October, 1900."

The ninth specification of error is as follows: "The trial court erred in instructing the jury as follows, to which defendants duly excepted: If from the evidence in this case you should believe that the plaintiffs in this case by reason of

the purchase of the real estate also purchased the improvements thereon, then your estimate of the reasonable rental value of said property from the 20th day of October, 1900, until the 5th day of January, 1903, should be based upon the value of the property together with the improvements thereon."

The tenth specification of error is as follows: "The trial court erred in instructing the jury as follows: 'It is for you, gentlemen of the jury, to say how much the fair reasonable rental value of the property would be under either of the two conditions I have heretofore suggested to you, to wit, either as an improved lot or as an unimproved lot. And your verdict should be for the plaintiffs for such rent from the 20th day of October, 1900, to the 5th day of January, 1903, with interest thereon at the rate of six per cent. per annum from the 1st day of January, 1903. to this date, in addition to the amount I have heretofore instructed you that you should render judgment for the time prior to said date.' As a main question underlies all these we will consider them together.

Besides possession of the premises what is it that a plaintiff prevailing in an unlawful detainer suit may recover? Mansfield's Dig. § 3362 (Ind. Ter. Ann. St. 1899, § 2296) provides: "In all cases of    *    *    *    unlawful detainer when the defendant gives bond to retain possession of the land and premises    *    *    *    it shall be lawful for the plaintiff to introduce before the jury trying the main issue in such action, evidence showing the damage he may have sustained in being kept out of the possession of said lands and premises, and the jury if they find the issue for the plaintiff shall at the same time assess what damages, if any, the plaintiff has sustained in being kept out of possession by the defendant, and the court shall render judgment    *    *    *    against the defendant and his security in the bond for damages as found

by the jury." The statute permits recovery of damages sustained by a plaintiff in being kept out of possession of the premises recovered in a suit of unlawful detainer. Reasonable rental value of such premises may then be considered as one of the elements of damage in being kept out of such possession, and evidence thereof may be properly introduced for that purpose. But the statute nowhere provides, that rents, as such, may be recovered in such a suit. This court in Osteen vs Stovall, 82 S. W. 710, passed upon what was meant by "damages sustained in being kept out of possession" and held "the measure of damages will be the fair rental value of the premises from the time defendant unlawfully withheld the possession and such other damages as (the jury) may believe from the evidence the plaintiff sustained by reason of being kept out of possession." There can be no greater or different damage recovered on the bond of a defendant in such a suit than can be recovered against the defendant under the statute.

In the case under consideration the evidence showed that Fitzpatrick was entitled to the possession of the land in controversy, but that Ellis owned, and was entitled to, the buildings on the land. It does not appear that Fitzpatrick, appellees' grantor ever had any interest in the buildings, nor did he sue to recover possession of them. How could appellees recover damages for being kept out of possession of that to which their grantor had no title, and had not sought to recover? Appellees contend that Ellis disputed his landlord's title, "That he failed to remove his improvements promptly on the termination of his lease and by repudiation of his landlord's title he forfeited and lost the right to such improvements, and they at once became the property of Fitzpatrick. And as Fitzpatrick could not use his own property without at the same time using the improvements he was entitled to recover the full rental value of all the property pending the appeal and

the wrongful possession of said Ellis." It is strange reasoning that one may recover damages by way of rents for that to which he asserts no claim because it is situated on that to which claim is made. We do not think the contention valid. Yet the court below permitted counsel for appellees over the objection of appellants to argue to the jury that appellant, Ellis, had forfeited his right to the improvements by not removing them, and that appellees had the right to recover rents on the improvements as well as the lands. As this occurred in the closing argument of counsel and although objected to was passed by the court without remark it may have largely influenced the jury in reaching the amount found in the verdict.

Applying the rule laid down Osteen vs Stovall, supra, in the case now being considered, what could appellees recover in this suit? First. They could recover the premises unlawfully detained and the amount of the judgment which the bond was given to supersede, with interest; Second. They could recover the fair rental value of the premises unlawfully withheld from the possession of appellees and their grantor from the date of judgment, viz., October 20, 1900, to January 5, 1903; Third. They could recover costs, and any other damage appellees sustained in unlawfully being kept out of possession.

Under the instructions of the court below, the jury, in this case, were peremptorily instructed that plaintiffs, appellees, were "entitled to recover of the defendants rent from the 8th day of April, 1899, on said property at the rate of five dollars ($5.00) per month until the 20th day of October, 1900." Thus ignoring the judgment the bond was given to supersede and requiring a new verdict upon matter previously adjudicated. We hold that this was error. The jury should have been instructed that this judgment found October 20, 1900, was an

element of damage in the case to be considered in arriving at a verdict.

Again, the court instructed the jury if they should believe from the evidence "that the plaintiffs (appellees) by reason of the purchase of the real estate also purchased the improvements thereon, then your estimate of the reasonable reasonable rental value of said property from the 20th day of October, 1900, until the 5th day of January, 1903, should be based upon the value of the property together with the improvements thereon." We hold this instruction to be error. Appellees could not purchase from Fitzpatrick what he did not own, and the jury should not, under any circumstances, have found for appellees rents on what was appellant's property.

And in like manner the court erred in giving the following instruction: "It is for you, gentlemen of the jury, to say how much the fair reasonable rental value of the property would be under either of the two conditions I have heretofore suggested to you, to wit, either as an improved lot or as an unimproved lot. And your verdict should be for such rent from the 20th day of October, 1900, to the 5th day of January, 1903."

Finding error in the record as above suggested, the cause is reversed, and remanded with directions to the court below to grant a new trial.

CLAYTON and TOWNSEND, JJ., concur. RAYMOND, C. J., not participating.